## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

ALTICOR, INC., and       )
                                 )
AMWAY CORPORATION,      )
                                 )
          Plaintiffs,     )
                                 )    Case No.  4:21-cv-00308-RLW
v.                               )
                                 )
YIELD NATION, LLC,       )
                                 )
          Defendant.     )

### DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant Yield Nation, LLC (hereinafter "Defendant"), by and through attorneys Thomas R. Applewhite and Christian T. Misner, and for Defendant's Answer to (Complaint), states as follows:

1.     Paragraph 1 of Plaintiffs' Complaint does not contain an allegation against Defendant. To the extent an answer is required, Defendant denies paragraph 1 of Plaintiffs' Complaint.

2.     Defendant admits Plaintiffs own or license the Nutriplant brand of agricultural products, but denies the remaining allegations contained in Plaintiffs' Complaint.

3.     Defendant admits paragraph 3 of Plaintiffs' Complaint.

4.     Defendant admits paragraph 4 of Plaintiffs' Complaint.

5.     Defendant admits paragraph 5 of Plaintiffs' Complaint.

6.     Defendant denies paragraph 4 of Plaintiffs' Complaint.

7.     Paragraph 7 of Plaintiffs' Complaint is a legal conclusion which does not require a response. To the extent an answer is required, Defendant denies paragraph 7 of Plaintiffs' Complaint.

8.     Paragraph 8 of Plaintiffs' Complaint is a legal conclusion which does not require a response. To the extent an answer is required, Defendant does not object to paragraph 8 of Plaintiffs' Complaint.

9.     Paragraph 9 of Plaintiffs' Complaint is a legal conclusion which does not require a response. To the extent an answer is required, Defendant does not object to paragraph 9 of Plaintiffs' Complaint.

10.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 10 of Plaintiffs' Complaint and as such denies same.

11.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 11 of Plaintiffs' Complaint and as such denies same.

12.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 12 of Plaintiffs' Complaint and as such denies same.

13.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 13 of Plaintiffs' Complaint and as such denies same.

14.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 14 of Plaintiffs' Complaint and as such denies same.

15.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 15 of Plaintiffs' Complaint and as such denies same.

16.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 16 of Plaintiffs' Complaint and as such denies same.

17.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 17 of Plaintiffs' Complaint and as such denies same.

18.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 18 of Plaintiffs' Complaint and as such denies same.

19.    Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 19 of Plaintiffs' Complaint and as such denies same.

20.     Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 20 of Plaintiffs' Complaint and as such denies same.

21.     Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 21 of Plaintiffs' Complaint and as such denies same.

22.     Defendant admits paragraph 22 of Plaintiffs' Complaint.

23.     Paragraph 23 of Plaintiffs' Complaint is a legal conclusion which does not require a response. To the extent an answer is required, Defendant denies paragraph 23 of Plaintiffs' Complaint.

24.     Defendant denies paragraph 24 of Plaintiffs' Complaint.

25.     Defendant denies paragraph 25 of Plaintiffs' Complaint.

26.     Defendant admits that it was organized in Missouri in January 2020 for the manufacture and sale of agricultural products and that Benjamin Buckwalter was the sole organizer and manager, but Defendant denies the remaining allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.     Defendant denies that Yield Nation was separate from Buckwalter's service as an Amway IBO, but admits the remaining allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.     Defendant admits that Buckwalter resigned as an IBO effective April 14, 2020, but denies the remaining allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.     Defendant denies paragraph 29 of Plaintiffs' Complaint.

30.     Defendant denies paragraph 30 of Plaintiffs' Complaint.

31.     Defendant admits that since its formation until its resignation as an IBO, through Buckwalter, it held itself out to Defendant's consumers as a distributor of Nutriplant brand products, including specifically Nutriplant AG and Nutriplant SD, but Defendant denies the remaining allegations containing in paragraph 31 of Plaintiffs' Complaint.

32.     Defendant admits is not licensed to sell Nutriplant brand products and does not, in fact, sell Nutriplant brand products, but denies the remaining allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.     Defendant denies paragraph 33 of Plaintiffs' Complaint.

34.     Defendant admits that it targeted Defendant's own consumers who previously had purchased actual Nutriplant AG and Nutriplant SD through Buckwalter when he was an Amway IBO, but Defendant denies the remaining allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.     Defendant denies paragraph 35 of Plaintiffs' Complaint.

36.     Defendant denies that it exploits the customers' prior experiences purchasing Nutriplant from Buckwalter and denies that these customers were

anything other than Defendant's customers, but admits the remaining allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.    Defendant denies paragraph 37 of Plaintiffs' Complaint.

38.    Defendant denies paragraph 38 of Plaintiffs' Complaint.

39.    Defendant denies paragraph 39 of Plaintiffs' Complaint.[1]

40.    Defendant denies paragraph 40 of Plaintiffs' Complaint.

41.    Defendant denies paragraph 41 of Plaintiffs' Complaint.

42.    Defendant denies paragraph 41 of Plaintiffs' Complaint.

43.    Defendant denies paragraph 43 of Plaintiffs' Complaint.

44.    Defendant denies paragraph 44 of Plaintiffs' Complaint.

45.    Defendant denies paragraph 45 of Plaintiffs' Complaint.

46.    Defendant denies paragraph 46 of Plaintiffs' Complaint.[2]

47.    Defendant denies that the materials were a pretense, but admits the remaining allegations of paragraph 47 of Plaintiffs' Complaint.

48.    Defendant denies paragraph 48 of Plaintiffs' Complaint.

49.    Defendant denies paragraph 49 of Plaintiffs' Complaint.

50.    Defendant denies paragraph 50 of Plaintiffs' Complaint.

51.    Defendant denies paragraph 51 of Plaintiffs' Complaint.

---

[1] Yield Nation, through Buckwalter, was an active Amway IBO at the time of this receipt (November 16, 2019) and authorized to sell Nutriplant products.
[2] Yield Nation, through Buckwalter, was an active Amway IBO at the time of these brochure distributions and authorized to sell Nutriplant products.

52.     Defendant denies paragraph 52 of Plaintiffs' Complaint.

53.     Defendant denies paragraph 53 of Plaintiffs' Complaint.

54.     Defendant denies paragraph 54 of Plaintiffs' Complaint.

55.     Defendant denies paragraph 55 of Plaintiffs' Complaint.

56.     Defendant admits that customers did not experience these alleged issues with Nutriplant SD, but denies the remaining allegations contained in paragraph 56 of Plaintiffs' Complaint.

57.     Defendant admits that customers did not experience these alleged issues with Nutriplant AG, but denies the remaining allegations contained in paragraph 57 of Plaintiffs' Complaint.

58.     Defendant denies paragraph 58 of Plaintiffs' Complaint.

59.     Defendant denies paragraph 59 of Plaintiffs' Complaint.

60.     Defendant denies paragraph 60 of Plaintiffs' Complaint.

61.     Defendant is without sufficient knowledge or information to either admit or deny whether buyers thus came to view Nutriplant as low-quality products. Defendant denies the remaining allegations contained in paragraph 61 of Plaintiffs' Complaint.

62.     Defendant is without sufficient knowledge or information to either admit or deny whether in some cases farmers who previously purchased large quantities of Nutriplant are no longer willing to do so and as such denies same.

Defendant denies the remaining allegations contained in paragraph 62 of Plaintiffs' Complaint.

63.    Defendant denies paragraph 63 of Plaintiffs' Complaint.

64.    Defendant denies paragraph 64 of Plaintiffs' Complaint.

65.    Defendant denies paragraph 65 of Plaintiffs' Complaint.

66.    Defendant denies paragraph 66 of Plaintiffs' Complaint.

67.    Defendant denies paragraph 67 of Plaintiffs' Complaint.

68.    Defendant denies paragraph 68 of Plaintiffs' Complaint.

69.    Defendant denies paragraph 69 of Plaintiffs' Complaint.

70.    Defendant denies paragraph 70 of Plaintiffs' Complaint.

71.    Defendant denies paragraph 71 of Plaintiffs' Complaint.

72.    Defendant denies paragraph 72 of Plaintiffs' Complaint.

73.    Paragraph 73 of Plaintiffs' Complaint does not contain an allegation against Defendant. To the extent an answer is required, Defendant denies paragraph 73 of Plaintiffs' Complaint.

74.    Defendant denies paragraph 74 of Plaintiffs' Complaint.

75.    Defendant denies paragraph 75 and its subsections (a)-(g) of Plaintiffs' Complaint.

76.    Defendant denies paragraph 76 of Plaintiffs' Complaint.

77.    Defendant denies paragraph 77 of Plaintiffs' Complaint.

78.    Defendant denies paragraph 78 of Plaintiffs' Complaint.

79.    Defendant denies paragraph 79 of Plaintiffs' Complaint.

80.    Paragraph 80 of Plaintiffs' Complaint is a request for relief which does not require a response. To the extent an answer is required, Defendant denies paragraph 80 of Plaintiffs' Complaint.

81.    Defendant denies paragraph 81 of Plaintiffs' Complaint.

82.    Paragraph 82 of Plaintiffs' Complaint does not contain an allegation against Defendant. To the extent an answer is required, Defendant denies paragraph 82 of Plaintiffs' Complaint.

83.    Paragraph 83 of Plaintiffs' Complaint is a legal conclusion which does not require a response. To the extent an answer is required, Defendant denies paragraph 83 of Plaintiffs' Complaint.

84.    Defendant denies paragraph 84 of Plaintiffs' Complaint.

85.    Defendant denies paragraph 85 of Plaintiffs' Complaint.

86.    Paragraph 86 of Plaintiffs' Complaint is a legal conclusion which does not require a response. To the extent an answer is required, Defendant denies paragraph 86 of Plaintiffs' Complaint.

87.    Defendant denies Plaintiffs have been and will continue to be irreparably harmed and damaged. The remaining allegations in paragraph 87 of Plaintiffs' Complaint are legal conclusions which do not require a response. To the extent an answer is required, Defendant denies paragraph 87 of Plaintiffs' Complaint.

88.     Paragraph 88 of Plaintiffs' Complaint is a legal conclusion which does not require a response. To the extent an answer is required, Defendant denies paragraph 88 of Plaintiffs' Complaint.

89.     Defendant denies paragraph 89 of Plaintiffs' Complaint.

90.     Paragraph 90 of Plaintiffs' Complaint is a request for relief which does not require a response. To the extent an answer is required, Defendant denies paragraph 90 of Plaintiffs' Complaint.

91.     Paragraph 91 of Plaintiffs' Complaint does not contain an allegation against Defendant. To the extent an answer is required, Defendant denies paragraph 91 of Plaintiffs' Complaint.

92.     Defendant denies paragraph 92 of Plaintiffs' Complaint.

93.     Defendant denies paragraph 93 and its subsections (a)-(g) of Plaintiffs' Complaint.

94.     Defendant denies paragraph 94 of Plaintiffs' Complaint.

95.     Defendant denies paragraph 95 of Plaintiffs' Complaint.

96.     Defendant denies paragraph 96 of Plaintiffs' Complaint.

97.     Defendant denies Plaintiffs have been and will continue to be irreparably harmed and damaged. The remaining allegations in paragraph 97 of Plaintiffs' Complaint are legal conclusions which do not require a response. To the extent an answer is required, Defendant denies paragraph 97 of Plaintiffs' Complaint.

98.     Paragraph 98 of Plaintiffs' Complaint is a legal conclusion which does not require a response. To the extent an answer is required, Defendant denies paragraph 98 of Plaintiffs' Complaint.

99.     Defendant denies paragraph 99 of Plaintiffs' Complaint.

## **AFFIRMATIVE DEFENSES APPLICABLE TO ALL COUNTS**

COMES NOW, Defendant, Yield Nation, LLC, and asserts the following affirmative defenses to Plaintiffs' Complaint. In asserting these defenses, Defendant does not assume the burden of establishing any fact or proposition where that burden is imposed on Plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because through their own admissions and submitted declarations, Plaintiffs admit that Defendant's product(s) were easily distinguished by packaging and labeling (Plaintiffs' Complaint ¶55) and that there are meaningful and substantial differences between the competing products (Plaintiffs' Complaint ¶55).  (*See also* Plaintiffs' Exh 3, ¶13 and Exh. 13, ¶7.)

### SECOND AFFIRMATIVE DEFENSE

Because Plaintiffs failed to, and cannot, provide evidence to support their claim that Defendant's actions were willful and deliberate, they have not alleged a basis for the recovery of attorneys' fees in their Complaint, pursuant to 15 U.S.C. § 1117(a).

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for injunctive relief fail as moot, given that Defendant has not sold agricultural products since before Plaintiffs filed the current cause of action.

## FOURTH AFFIRMATIVE DEFENSE

To the limited extent that Plaintiffs succeed in obtaining a judgment against Defendant, Plaintiffs have an adequate remedy at law and are thus not entitled to injunctive relief.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' request for equitable relief should be denied, and Plaintiffs should be denied equitable relief and all relief, under the doctrine of unclean hands, in that Plaintiffs undermined Defendant's agricultural products business by defaming Defendant to the customers that Plaintiff had developed on its own and wrongly interfering with Plaintiffs' independent business.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's usage of Plaintiffs' alleged trademarks do not cause marketplace confusion or otherwise violate any provisions of the Lanham Act (15 U.S.C.) and are therefore protected under the Act. Further, at all times relevant, Defendant's usage of Plaintiffs' alleged trademarks were authorized by Plaintiffs for use in marketing to Defendant's customers under their Independent Business Owner's agreement.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

The defense of laches bars the Plaintiffs from maintaining their suit due to their unreasonable delay in filing, resulting in prejudice to Defendant. Plaintiffs assert their belief that Yield Nation, LLC sold its own product to consumers instead of Plaintiffs' product since at least January 2020, when entrepreneur Benjamin Buckwalter resigned as an Independent Business Owner ("IBO") with Amway. (<u>Complaint</u> at ¶¶ 28 and 31.)

<u>EIGTH AFFIRMATIVE DEFENSE</u>

Defendant reserves the right to amend its Answer and Defenses to assert additional defenses and counterclaims that are discovered during the course of this litigation.

WHEREFORE, having fully responded to the Complaint, Defendant, Yield Nation, LLC, prays:

1. All claims be dismissed with prejudice;

2. Plaintiffs' demand for damages, equitable relief, injunctive relief, attorney's fees, expenses, or other relief be denied;

3. Plaintiffs recover nothing from Defendant through this action;

4.      Defendant recovers from Plaintiffs the costs and attorney's fees that it incurs and has incurred in defending this action; and

5.      For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Defendant/Counterclaim-Plaintiff, Yield Nation, LLC, by and through its attorneys, bring this Counterclaim against Plaintiffs/Counterclaim-Defendants, Amway Corporation and Alticor Incorporated (Counterclaim-Defendants), and states as follows:

## THE PARTIES

1.      Defendant and Counter-Claimant, Yield Nation, LLC ("Yield Nation") is a Missouri Limited Liability Company with its principal place of business located in St. Charles, Missouri.

2.      Plaintiff and Counter-Defendant, Alticor, Inc. is a corporation, organized under the laws of the State of Michigan, with its principal place of business located in Ada, Michigan. Alticor is the parent company of Amway Corp.

3.      Plaintiff and Counter-Defendant, Amway, Inc. is a corporation, organized under the laws of the State of Virginia, with its principal place of business located in Ada, Michigan.

4.     Alticor, Inc. and Amway Corporation are hereafter referred to collectively as "Counter-Defendants".

<u>JURISDICTION AND VENUE</u>

5.     Counter-Defendants claim to be the owners of all right, title, and interest in a federally-registered mark; namely, **NUTRIPLANT** (the "trademark").

6.     Counter-Defendants claim that Yield Nation, LLC is infringing the trademark.

7.     An actual, justiciable controversy now exists between Counter-Defendants and Yield Nation, LLC relating to the trademark.

8.     On March 11, 2021, Counter-Defendants filed a Complaint in the United States District Court for the Eastern District of Missouri alleging that Yield Nation, LLC violated 15 U.S.C. § 1125(a)(1)(A) and 15 U.S.C. § 1114 and engaged in Unfair Competition under Missouri Common Law.

9.     Based on Counter-Defendants' filing of this action, an actual controversy now exists between the parties as to whether or not Yield Nation, LLC committed the acts listed in the Complaint.

10.     This Court has jurisdiction over the Counterclaims for attorneys' fees pursuant to FED. R. CIV. P. 13, 28 U.S.C. §§ 1331, 2201, and 2202 because there is an actual and justiciable controversy between the parties concerning,

*inter alia*, Yield Nation, LLC's liability under the causes of action alleged by Counter-Defendants.

11.     Venue is permissible in this District pursuant to at least 28 U.S.C. § 1391(c).

12.     Counter-Defendants have consented to the personal jurisdiction of this Court at least by commencing its action in this District, as set forth in their Complaint.

<u>COUNT I</u>
<u>DECLARATION OF NON-INFRINGEMENT OF TRADEMARK</u>

13.     Yield Nation, LLC incorporates by reference all of the averments set forth in Paragraphs 1-12, inclusive, with the same effect as though fully rewritten in this Count.

14.     At all times relevant to Counter-Defendants' Complaint, Yield Nation, LLC operated under the trademark **YIELD NATION**.

15.     Counter-Defendants claim to own the federally registered trademark, **NUTRIPLANT.**

16.     Counter-Defendants have no ownership interest in Yield Nation and Yield Nation, LLC has no ownership interest in Nutriplant.

17.     There has been no bona fide instance of actual confusion by any consumer of the Yield Nation mark with the Nutriplant mark.

18.    Yield Nation has not and does not solicit or accept orders for products using the Nutriplant mark which are not Nutriplant and therefore Counter-Defendants do not have an actionable claim.

19.    Yield Nation, LLC is entitled to a Declaration and Judgment that it has not infringed the Counter-Defendants' mark.

PRAYER FOR RELIEF

WHEREFORE, Yield Nation, LLC requests the following relief:

A.    A declaration that it has not infringed Counter-Defendants' rights in the Nutriplant mark.

B.    A declaration that this case is exceptional pursuant to 15 U.S.C. § 1117.

C.    That Counter-Defendants' Complaint be dismissed with prejudice.

D.    Yield Nation, LLC be awarded its attorneys' fees, costs, and expenses.

E.    For all other relief that the Court deems just and proper.

DEMAND FOR JURY TRIAL

Yield Nation, LLC demands a trial by jury on all issues so triable.

Dated: April 23, 2021             Respectfully submitted,

                                  **DONNER APPLEWHITE,**
                                  **ATTORNEYS AT LAW**

                                  By: */s/ Christian T. Misner*
                                      Christian T. Misner #MO65572
                                      Thomas R. Applewhite #MO64437
                                      906 Olive Street, Suite 1110
                                      St. Louis, Missouri 63101
                                      Phone: (314) 240-5351
                                      Fax: (888) 785-4461
                                      Email: christian.misner@da-lawfirm.com
                                          tom.applewhite@da-lawfirm.com

                                  *Counsel for Defendant and Counter-*
                                  *Claimant Yield Nation, LLC*

### CERTIFICATE OF SERVICE

I certify on April 23, 2021 that a true and correct copy of the above and foregoing document was filed using the Court's CM/ECF system, which will automatically send electronic notice of filing to all attorneys of record.

                                  */s/ Christian T. Misner*